FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

20 MAY 15  PM 1: 03

CLERK_____
SO. DIST. OF GA.

REC TEC INDUSTRIES, LLC,

      Plaintiff/Counterclaim
      Defendant,

          v.

THERMAL ENGINEERING
CORPORATION, a South Carolina
Corporation,

      Defendant/Counterclaim
      Plaintiff.

CV 119-164

## O R D E R

Before the Court are Plaintiff's consent motion to file the
Parties' Full and Final Settlement Agreement and Release
("Settlement Agreement") under seal (Doc. 36) and the Parties'
motion for dismissal (Doc. 35).  For the following reasons, the
motions are **DENIED WITHOUT PREJUDICE.**

### I. BACKGROUND

On March 30, 2020, the Parties filed a joint motion for
dismissal informing the Court they resolved this action.  (Mot.
for Dismissal, Doc. 35.)  As part of the motion, the Parties ask
that their Settlement Agreement be made an Order of the Court.
(Id.)  The Parties attached a cover sheet to the joint motion
entitled "Exhibit A: To Be Filed Under Seal."  (Mot. for Dismissal

Ex. A, Doc. 35-1.)   The motion for dismissal explains that the cover sheet stands in place of the Settlement Agreement.   (Mot. for Dismissal.)

In conjunction with the joint motion for dismissal, Plaintiff filed its consent motion to file under seal on March 31, 2020. (Consent Mot. to Seal, Doc. 36.)   Plaintiff argues that relevant factors weigh in favor of sealing the Settlement Agreement.   (Id. at 2-5.)   The motion professes that "[a] copy of Exhibit A to the Motion for Dismissal will be hand-delivered to the Court."   (Id. at 1 n.1.)   Plaintiff subsequently provided the Settlement Agreement.[1]

## II. DISCUSSION

The Eleventh Circuit has long recognized a "presumptive common law right to inspect and copy judicial records." United States v. Rosenthal, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).   "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, . . . and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of

---

[1] Therefore, the Settlement Agreement is not currently part of the record.

the process." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (citation and internal citation omitted).

A party can justify sealing a document by showing good cause. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). Good cause is determined by balancing the historical presumption of right to access against the movant's privacy interests. Id. at 1311; Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). "[T]he nature and character of the information in question" determines good cause. Romero, 480 F.3d at 1246 (quoting Chicago Tribune, 263 F.3d at 1315). Courts evaluate, among other considerations: (a) "whether allowing access would impair court functions or harm legitimate privacy interests"; (b) "the degree of and likelihood of injury if" the information was "made public"; (c) "the reliability of the information"; (d) "whether there will be an opportunity to respond to the information"; (e) "whether the information concerns public officials or public concerns"; and (f) "the availability of a less onerous alternative." Id. Whether a movant establishes good cause is within the determining court's discretion. See Newman, 696 F.2d at 803.

The Court's Local Rules establish the procedure for sealing documents. LR 79.7, SDGa. A "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public

3

inspection." Id. 79.7(b).  The Local Rules set forth three layers of information to which a motion to seal may extend: "(1) the name of the movant; (2) the title of the filing sought to be sealed; and (3) the contents of the filing itself."  Id. 79.7(d). Furthermore,

> A party who moves to seal any matter submitted to the Court shall indicate whether the matter should be sealed permanently or until: (1) the conclusion of the trial, (2) the entry of final judgment, (3) the conclusion of the direct appeal, or (4) some other specified time. The permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake.  Upon the expiration of any temporary sealing period, the matter shall be unsealed and made a part of the public record.

Id. 79.7(e).  Here, Plaintiff failed to request a duration of the sealing.

Even if the motion to file under seal meets no opposition, the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access.  Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985). Therefore, "district court[s] must keep in mind the rights of a third party — the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'"  Id. (quoting Newman, 696 F.2d at 803).  Despite guidance in this Circuit exhibiting a reluctance to seal documents, the present motion is in line with a growing,

4

concerning trend of filings seemingly assuming the Court grants requests to seal as a matter of course.

Within its brief motion to file under seal, Plaintiff offers varying and inconsistent justifications for sealing the Settlement Agreement. At the outset, Plaintiff contends that the Settlement Agreement merits sealing because it contains "sensitive business terms and competitive terms." (Consent Mot. to Seal, at 1.) Instead of citing case law justifying sealing the Settlement Agreement for this reason, Plaintiff offers authority asserting the Court should seal the Settlement Agreement because the Parties intended the agreement to be confidential. (See id. at 2-3.) Finally, in a cursory good cause analysis, Plaintiff notes that it prefers not to share its trademark valuations with the general public. (Id. at 4.)

The Court addresses Plaintiff's arguments under the Romero factors.

## A. Whether Allowing Access Would Impair Court Functions or Harm Legitimate Privacy Interests

As Plaintiff points out, it is unlikely allowing access would impair Court functions. Plaintiff further contends, though, that allowing access would "harm the parties' legitimate privacy interests in limiting disclosure of the agreement to the general public." (Consent Mot. to Seal, at 4.) Plaintiff fails to expand upon this notion. Although true that settlement agreements are

generally private, the filing of the agreement with the Court makes the document a judicial record. See Kemar v. Avco Corp., No. 6:06-cv-448-Orl-22DAB, 2007 WL 2696571, at *2 (M.D. Fla. Sept. 11, 2007) ("By filing the suit, the matter became this [c]ourt's business, and this [c]ourt conducts business [publicly].  Having chosen to pursue a claim in a public court, [the] [p]laintiff must take the burdens of such forum, as well as its benefits.").

That the Settlement Agreement "concerns settlement negotiations that were intended to be confidential" is insufficient on its own to overcome the public presumption. (Consent Mot. to Seal, at 3); Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement agreement between the parties, even if the settlement comes with the court's active encouragement.  Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); see also Willis v. United States, No. CV 117-015, 2019 WL 7194599, at *2 (S.D. Ga. Dec. 26, 2019); Eigenberger v. Tokyo Statesboro GA, LLC, No. CV617-160, 2018 WL 2065942, at *2 (S.D. Ga. May 3, 2018) ("[T]he [c]ourt needs far more than the parties' agreement that the settlement agreement should be sealed.").

Plaintiff's citation to Local Access, LLC v. Peerless Network, Inc., No. 6:14-cv-339-Orl-40TBS, 2017 WL 2212786, at *2

6

(M.D. Fla. May 17, 2017), provides minimal support for its position. (Consent Mot. to Seal, at 2-3.) Local Access, and the authority Local Access relied upon, involved enforcing a confidential settlement agreement, not the filing of a settlement agreement in the first instance for the court's adoption. This distinguishing fact is significant. In Local Access, the Parties entered a private, confidential settlement agreement as is customary. Because that confidential settlement agreement later generated a dispute requiring the court's resolution, the court determined sealing the settlement agreement outweighed the public's right to access. 2017 WL 2212786, at *2 ("So, for example, when a party seeks to *enforce* a confidential settlement agreement, some courts have permitted the filing of the agreement under seal to preserve confidentiality.") (emphasis added). The Parties here do not seek to enforce a settlement agreement, and therefore, the reasoning in Local Access is largely inapplicable.

With that said, the Court recognizes Plaintiff's possess some level of interest in maintaining the privacy of sensitive business and competitive terms. But the Court finds a minimal interest here. First, Plaintiff offers no argument that the terms at issue are trade secrets. See BASF Corp. v. SNF Holding Co., No. 4:17-cv-251, 2019 WL 3554699, at *5 (S.D. Ga. Aug. 5, 2019) (citing Romero, 480 F.3d at 1246, Chicago Tribune, 263 F.3d at 1313-14) ("By proceeding in this generalized manner, [the] [p]laintiff has

7

failed to show possible harm to legitimate privacy interests, . . . and failed to establish that the information it seeks to redact actually constitutes proprietary trade secrets."). Second, a review of the Settlement Agreement uncovers no product specifications, such as design plans. Cf. generally, Chemence Med. Prods., Inc. v. Medline Indus., Inc., No. 1:13-CV-500-TWT, 2015 WL 149984 (N.D. Ga. Jan. 12, 2015). Third, several of the terms contemplated are divulged elsewhere in the record. (Compare, Settlement Agreement, at 2-3, with Answer & Countercls., Doc. 20, ¶¶ 105-132); see Pledger v. Reliance Tr. Co., No. 1:15-CV-4444-MHC, 2019 WL 4439606, at *21-22 (N.D. Ga. Feb. 25, 2019). Admittedly, the Court declined to compare every term in the Settlement Agreement against every term displayed in the record, but that duty is not the Court's responsibility, it is the movant's. See BASF Corp., 2019 WL 3554699, at *5 (finding the plaintiff failed to establish good cause when it offered no degree of specificity concerning the justification for numerous redactions). Plaintiff simply states that the sensitive terms require redacting a substantial portion of the Settlement Agreement without establishing the need to seal any specific term or section. For these reasons, the first factor weighs against sealing the Settlement Agreement.

## B. The Degree and Likelihood of Injury if Made Public

Plaintiff expresses that it wishes not to disclose the value it attributes to its trademarks. (Consent Mot. to Seal, at 4.) Plaintiff offers no authority asserting that such a concern is a sufficient harm to override the public's access rights. Although the Court understands Plaintiff's hesitation, the amount of the settlement is generally inadequate to merit sealing a settlement agreement.

Absent "evidence showing <u>how</u> [public disclosure] could cause injury" and the "type of injury" feared, a party's showing is inadequate to demand sealing the financial information in the settlement. <u>Clark v. Bamberger</u>, No. 1:12cv1122-MHT (WO), 2016 WL 1183180, at *3 (M.D. Ala. Mar. 28, 2016) (emphasis in original). Plaintiff's motion disregards any explanation precisely identifying how disclosure of the information creates risk of injury and the methods competitors may employ to use that information to Plaintiff's disadvantage. Plaintiffs are required to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." <u>Thomas v. Houston Healthcare Sys. Inc.</u>, No. 5:17-cv-386(MTT), 2019 WL 5850547, at *2 (M.D. Ga. May 24, 2019) ("[C]onclusory assertions of possible harm, such as those stated by the parties, do not show good cause."). On that basis,

Plaintiff's conclusory contention of potential injury falls short of the necessary showing under the likelihood of injury factor.

## C. Reliability, Opportunity to Respond, and Public Officials or Concerns

The next three factors weigh in favor of sealing the document. The Settlement Agreement presents no reliability issues or information involving public officials or public concerns. Furthermore, the Settlement Agreement, unlike other filings, requires no response.

## D. Availability of Less Onerous Alternative

Finally, Plaintiff asserts "due to the varied nature of the relief and releases contained within the document, [the] degree of redaction necessary would be too great to confer much benefit over sealing the document." (Consent Mot. to Seal, at 4.) Plaintiff transitions from concerns regarding sensitive business terms to the nature of relief and releases requiring sealing. Settlement agreements generally encompass some form of relief and release. Accepting Plaintiff's conclusory statement that the relief and release mandates sealing renders virtually all settlement agreements sealable.

Additionally, as noted above, some of the information contained in the Settlement Agreement is readily found in other filings on the Court's docket. Therefore, the Court is reluctant to seal an entire document when it finds a possibility that

redaction may provide a less onerous alternative.   Weighing the
Romero factors, the Court concludes Plaintiff fails to meet its
burden to show sealing the Settlement Agreement is necessary here.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that
Plaintiff's consent motion to file the Settlement Agreement under
seal (Doc. 36) is **DENIED WITHOUT PREJUDICE.**   The Court permits
Plaintiff one additional opportunity to show that the Court's
adoption of the Settlement Agreement necessitates prohibiting
public access.[2]   Should Plaintiff choose to seek to seal the
Settlement Agreement again, it shall **FILE** a motion with attached
documents in accordance with the procedures set forth in the
Court's Local Rules within **FOURTEEN (14) DAYS** of the date of this
Order.   To the extent Plaintiff determines that redacting certain
information is a less troublesome route, Plaintiff shall file a
proposed redacted version and an unredacted version attached to
any subsequent motion.   Further, the motion shall set forth the
requested duration of any sealing or redaction of the document.

Because the Parties made adoption of the sealed Settlement
Agreement a contingency for dismissal, **IT IS FURTHER ORDERED** that

---

[2] As noted above, the Court is not inclined to block public access to the
Settlement Agreement solely because a party desires not to disclose the
settlement amount.   Thus, any subsequent motion must provide sufficient evidence
of future harm resulting from disclosing the settlement amount to succeed.

the Parties' motion for dismissal (Doc. 35) is **DENIED WITHOUT PREJUDICE.**

  **ORDER ENTERED** at Augusta, Georgia, this 15th day of May, 2020.

                                    J. RANDAL HALL, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA